**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| MORGAN PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00002 |
| | ) | |
| SPRIGGS CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Spriggs Construction, LLC's ("Spriggs") Motion for Reconsideration of the Court's July 18, 2025 Memorandum Opinion (Doc. No. 50), denying its motion for summary judgment. (See id.). Spriggs's Motion (Doc. No. 50) is fully briefed and ripe for review, (Doc. Nos. 50, 52, 53), and will be denied.

**I.        BACKGROUND AND LEGAL STANDARD**

The Court denied Spriggs's Motion for Summary Judgment because: (1) factual disputes precluded judgment in Spriggs' favor on Patterson's pregnancy-based discrimination claims, her disability discrimination claims, and damages; and (2) declined to address Patterson's remaining claims, given Spriggs's failure to move on them. (See Doc. No. 46). Spriggs now moves for reconsideration of these decisions pursuant to Federal Rule of Civil Procedure 54(b), asserting the Court's rulings are rooted in clear error.

Under Rule 54(b),

any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The express language of Rule 54(b) does not provide for motions for reconsideration by parties. See Fed. R. Civ. P. 54(b). Nor does it prescribe standards or bases for revisions of challenged decisions. Id. The Court's local rules do little to resolve this ambiguity, as they do not provide for the circumstances through which a party may move for reconsideration, nor the applicable standard of review. See generally M.D. Tenn. L.R.

However, the Sixth Circuit has opined that a motion for reconsideration of an interlocutory order may be properly raised under Rule 54(b). Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 F. App'x 949, 952, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."). The Rodriguez court instructs that "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. at 959. Spriggs relies on the third consideration – a clear error.

Borrowing from the Sixth Circuit's instruction on similar Rule 59(e) and 60 motions, see Rodriguez, 89 F. App'x at 959 n.8 (noting district court's guidance to Rules 59(e) and 60 as reference points to consider prejudice), motions for reconsideration on "reiterated arguments that the court ha[s] previously rejected" are not appropriate. Dassault Systemes, SA v. Childress, 828 F. App'x 229, 249 (6th Cir. 2020); see Johnson v. Unknown Dellatifa, 357 F.3d 539, 544 (6th Cir. 2004) (finding that the district court did not abuse its discretion in denying a Rule 60(b) motion where the movant merely reiterated arguments that he previously made and that the district court had dismissed); Erby v. Kula, 98 F. App'x 405, 407 (6th Cir. 2004) (same); see also Bey v. Johnson Cnty., 2016 WL 11804542, at *1 (E.D. Tenn. Apr. 11, 2016) (applying this principle to a Rule 54(b) motion). By contrast, new arguments "raised for the first time in a motion for reconsideration

2

at the district court [are] generally forfeited." United States v. Huntington Nat'l Bank, 574 F.3d 329, 331–32 (6th Cir. 2009); see Every v. Brennan, 2018 WL 4568600, at *2 (E.D. Tenn. Sep. 24, 2018) (applying this principle to a Rule 54(b) motions).

## II.    DISCUSSION

Spriggs argues that the Court committed clear, reversible error by: (1) misapplying the Sixth Circuit's "demanding 'sheer weight'" standard by "accepting Patterson's alternative email interpretation" in the Court's pretext analysis; (2) improperly relying on "comparators (Britt and Rector) who were not similarly situated in all relevant respects and did not engage in substantially identical conduct" in that same analysis; (3) not addressing Patterson's purportedly "dispositive deposition admissions;" and (4) not granting Spriggs' motion on Patterson's failure to accommodate claims, given Patterson's admissions show "lack of notice of disability and lack of discriminatory intent." (Doc. No. 50 at 18). Patterson disagrees, arguing that Spriggs misstates the law and evidence at issue, and instead uses its Motion as an attempt to re-argue its case. (Doc. No. 52).

The Court agrees with Patterson. While Spriggs asserts that its Motion "does not ask the Court to reweigh evidence or reconsider factual determinations[,]" a brief reading of it shows that not to be true. (Doc. No. 50 at 3). In fact, that is exactly what Spriggs requests this Court do— revisit Spriggs's motion for summary judgment with the benefit of more than 20 additional pages of briefing clarifying issues Spriggs failed to properly address the first time around. Spriggs's belated attempts to bolster its arguments made at summary judgment with new legal and factual explanations are neither well-taken, of dubious good faith and nor the proper focus of a motion for reconsideration. See Dassault Systemes, 828 F. App'x at 249 (parties may not raise arguments previously rejected on motion for reconsideration); see also Huntington Nat'l Bank, 574 F.3d at 331–32 (arguments raised for the first time on a motion for reconsideration are forfeited). On these

3

grounds alone the Court could deny Spriggs's Motion.[1]  See id.  Nevertheless, the Court will address Spriggs's arguments on the merits.  Even assuming Spriggs preserved each argument, none show clear error in the Court's application of Sixth Circuit law.[2]

       A.  The Court Correctly Applied Sixth Circuit Pretext Law.

The Court starts with Spriggs's first and second arguments—that the Court misapplied Sixth Circuit pretext standards.  Notably, Spriggs does not argue that the Court incorrectly cited or interpreted relevant Sixth Circuit authority in its Memorandum Opinion.  Instead, Spriggs raises two issues with the Court's evaluation of the second and third methods for establishing pretext.  First, Spriggs contends that the Court failed to impose a "sheer weight" and preponderance of the evidence standard to the pretext analysis, as required by Sixth Circuit precedent.  In support, Spriggs relies upon six unpublished cases not cited in any of its summary judgment briefing— McDaniels v. Plymouth-Canton Cmty. Sch., 755 F. App'x 461 (6th Cir. 2018), Middleton v. Lexington-Fayette Cnty. Urb. Gov't, 2024 WL 692966, at *1 (6th Cir. Feb. 20, 2024), Reams v. Int'l Union of Operating Eng'rs, Loc. 18, 2023 WL 8716978, at *1 (6th Cir. Dec. 18, 2023), Santiago v. Meyer Tool Inc., 2023 WL 3886405, at *1 (6th Cir. June 8, 2023), Hood v. City of Memphis Pub. Works Div., 2023 WL 1880399, at *1 (6th Cir. Feb. 10, 2023), and Sims-Madison v. Dana Com. Vehicle Mfg., LLC, 2022 WL 898770, at *1 (6th Cir. Mar. 28, 2022).  Next, Spriggs

---

[1] The Court could also deny Spriggs's motion on other procedural grounds.  It is of great import that Spriggs does not dispute the Court's determination that it failed to move for summary judgment on Patterson's retaliation claims.  (See Doc. No. 46 at 5 n.2).  Given that this omission provided the Court with a basis to reject Spriggs's motion for summary judgment outright, this is yet another reason that Spriggs's motion—and its belated attempt to get summary judgment on those claims—is too little, too late.

[2] To the extent Spriggs attempts to bolster its previously rejected arguments with new authority or descriptions of the evidence not previously provided to the Court, the Court will address them no more than necessary.

4

argues, for the first time in detail, that Patterson's comparator evidence is insufficient under Sixth Circuit standards. The Court need not delve into the weeds of these arguments, as it is sufficient to explain that both miss the point.

Spriggs' issues with the Court's pretext analysis boil down to one central complaint: the Court did not follow the correct standards for determining whether Patterson raised sufficient evidence to establish pretext. The Court does not disagree with Spriggs's recitation of Sixth Circuit cases addressing pretext standards. However, in applying them as rigidly as Spriggs suggests, it relies on an overly formalistic application of Sixth Circuit precedent that fails to appreciate the purpose of the pretext inquiry at the summary judgment stage. As the Sixth Circuit has instructed, in another case relied upon by Spriggs in its summary judgment briefing, "it is important to avoid formalism in [the three-approach pretext inquiry] application, lest one lose the forest for the trees." Chen v. Down Chemical Co., 580 F.3d 394, 400 n.4 (6th Cir. 2009). As Chen teaches,

> Pretext is a commonsense inquiry: did the employer fire the employee for the stated reason or not? This requires a court to ask whether the plaintiff has produced evidence that casts doubt on the employer's explanation, and, if so, how strong it is. One can distill the inquiry into a number of component parts, and it can be useful to do so. But that should not cause one to lose sight of the fact that at bottom the question is always whether the employer made up its stated reason to conceal intentional discrimination.

Id.

Indeed, as Patterson emphasizes, "[a]ll that a plaintiff must show in order to overcome a defendant's motion for summary judgment at this stage is that a reasonable juror could find that the defendant's reasons were pretextual." Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Sch., 974 F.3d 652, 667 (6th Cir. 2020). Contrary to Spriggs's suggestions, "[t]he plaintiff does not need to prove pretext; she only needs to show that the question of pretext is a genuine factual dispute." Id.; see Provenzano v. LCI Holdings, Inc., 663 F.3d 806, 813 (6th Cir. 2011) (""in the

5

context of summary judgment ... the [McDonnell Douglas] burden-shifting analysis can obfuscate the appropriate question—whether there exists a genuine issue of material fact"). While Spriggs wishes it was not so, "[a]t the summary judgment stage, the issue is whether the plaintiff has produced evidence from which a jury could reasonably doubt the employer's explanation." Id. Contrary to Spriggs's suggestions, that "burden is not heavy," and the Court declining to make it so is not error. George v. Youngstown State Univ., 966 F.3d 446, 462 (6th Cir. 2020) (noting the standard at summary judgment remains the same for pretext).

Spriggs's more specific argument on the similarly situated employees standard is in error for an additional reason. Spriggs may be correct that Britt and Rector are not "similarly situated" for the purposes of the pretext analysis. See Williams v. AT&T Mobility Services, LLC, 847 F.3d 384, 398 (6th Cir. 2017) (describing what makes employees "similarly situated"). However, Spriggs fails to appreciate both that (1) this analysis is fact-intensive based on the relevant similarities the employees and their conduct, see Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 353 (6th Cir. 1998) (the similarly situated employee analysis is fact-intensive and requires a case-by-case analysis); see also Colvin v. Veterans Admin. Med. Ctr., 390 F. App'x 454, 458 (6th Cir. 2010) ("The court must make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of the non-protected employee.") (citation and quotations omitted), and (2) it must provide a substantive response with citations to the record to make its point at summary judgment. Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012) ("To show that a fact is, or is not, genuinely disputed, both parties are required to either 'cite[ ] to particular parts of materials in the record' or 'show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'") (quoting Fed. R. Civ. P. 56(c)(1)).

6

At summary judgment, Patterson presented evidence that Britt and Rector are similarly situated to her in what she believes to be the *relevant* respects. For instance, Patterson emphasized that: there is limited evidence on Patterson's written job performance requirements and Britt's job functions; Rector testified (and Spriggs argued) that he shared responsibilities with Patterson in some respects and were learning the relevant billing procedures together (see Doc. No. 39 ¶ 7 (Spriggs arguing that Rector and Patterson "functionally collaborated on many aspects of the business, particularly *contract oversight and billing procedures*") (emphases added), see also id. ¶¶ 43, 50); and both men engaged in similar conduct to Patterson that purportedly led to her firing. (See Doc. No. 45 ¶¶ 12–13). This evidence, taken together and in Patterson's favor, satisfied Patterson's burden at the pretext stage. See St. Mary's Honor Cntr. v. Hicks, 509 U.S. 502, 507 (1993) (burden of persuasion stays with the plaintiff).

While Spriggs could be correct that Britt's and Rector's job titles, duties, and conduct made the similarities between them and Patterson irrelevant for the pretext inquiry, they failed to meaningfully argue as much on reply. Indeed, while Spriggs emphasizes the differences between Britt, Rector, and Patterson here, it merely stated in its briefing—without citation—that Rector and Britt "held different positions (management and supervisor), worked in different locations, and had no documented performance issues preceding their leave requests." (See Doc. No. 44 at 8 (arguing as much in four sentences, without citation to the record)). These unsupported statements, without explanation as to how that impacts the fact-based inquiry here, do not carry Spriggs's burden to show that no genuine dispute of fact exists on this issue at the summary judgment stage. Fed. R. Civ. P. 56; see Jackson v. VHS Detroit Receiving Hosp., Inc., 814 F.3d 769, 780 (6th Cir. 2016) (similarly situated employee analysis at pretext stage does not "increase the weight of" the plaintiff's burden of proof); (see also Doc. No. 45 ¶ 11 (Spriggs stating that

7

Rector is not a comparator because he did not have performance issues and took leave because of his hospitalized mother, but failing to explain why that wholly negates Patterson's comparator evidence), id. ¶ 12 (Spriggs stating Britt was not similarly situated, but again failing to explain why Britt's leave being personal in nature or why his position as a supervisor in Georgia matters)). Even here, in its *third* opportunity to brief this issue, Spriggs still fails to cite to evidence in support of its position.[3]  (See Doc. No. 50 at 7–9).   Where Patterson raised some evidence showing that this fact-intensive inquiry supported a finding of pretext because Rector, Britt, and her were similarly situated given the relevant work and conduct they engaged in, and Spriggs failed to sufficiently rebut it, the Court was required to, and did, view that record in her favor.  See Colvin, 390 F. App'x at 458 (plaintiff "is not required to show that his proposed comparator's actions were identical to his own").  That is far from legal error.

Given Spriggs's missteps in evaluating the pretext inquiry, and for the reasons stated in the Court's July 18, 2025 Memorandum Opinion, Patterson has met her burden of presenting evidence that would permit a jury to doubt that Spriggs truly fired her for poor performance.  The evidence in the record, including the temporal proximity of the PTO request and termination, the manner of the termination communication, Spriggs's employees lack of communication with Patterson post-pregnancy announcement, Spriggs's failure to follow internal procedures for approving PTO, and Spriggs's more lenient treatment of non-pregnant male employees all support this conclusion.  (See Doc. No. 46 at 13–19).  For the Court to rule in Spriggs's favor would require it to view this evidence in its favor, rather than Patterson's.  That—not the Court's analysis in its Memorandum Opinion—would be legal error.

---

[3] This is not an invitation for Spriggs to file yet another motion attempting to correcting these deficiencies.

B.  The Court Properly Considered, and Rejected, Spriggs's Arguments on Patterson's Deposition Testimony.

Spriggs's third argument for reconsideration is no more successful.  Spriggs argues that the Court failed to address Patterson's deposition testimony in its Memorandum Opinion that Spriggs believes dooms Patterson's claims.  In support, Spriggs again cites six new cases not mentioned in its summary judgment briefing, and further develops an argument barely mentioned the first time.  (See Doc. No. 39 at ¶¶ 73–75).  Yet, again, Spriggs improperly bolsters old arguments at the eleventh hour.  Regardless, Spriggs's argument is meritless.  Spriggs fails to account for the differences between the cases it relies upon and the instant one, so there is no clean error.

In the unreported and non-binding cases Spriggs cites to for the proposition that a plaintiff's testimony can doom their employment claims, those plaintiffs unequivocally testified, or admitted, that no discrimination occurred.  See Collins v. City of Detroit, 2025 WL 1019754, at *5 (E.D. Mich. Apr. 4, 2025) (granting summary judgment on discrimination claims where plaintiff testified that termination and denial of merit increase was not because of race or gender); see also Cameron v. Sw. Tennessee Cmty. Coll., 2018 WL 3453921, at *3 (W.D. Tenn. June 27, 2018), report and recommendation adopted, 2018 WL 3453474 (W.D. Tenn. July 17, 2018) (plaintiff admitted she had no evidence that employer's decision was due to race discrimination); Bronski v. Nw. Airlines, Inc., 2003 WL 21010322, at *5 (W.D. Tenn. Feb. 28, 2003) (same for sex discrimination claim).  Those admissions, coupled with the plaintiffs' failure to bring forth any other evidence to the contrary, were fatal to their claims.  See id.

The same is not true here.  True, Patterson testified that her main rationale for thinking she was terminated because of her pregnancy and related accommodations was the timing of her firing.  However, Spriggs ignores other deposition testimony from Patterson identifying independent evidence beyond timing to support her claims.  Patterson cites to Spriggs employees "scheming

9

against" after they found out she was pregnant, by "[n]ot responding to [her] phone calls, not communicating with [her] what was going on with Charter, they would get information and not tell [her] anything[,]" and she "wasn't told what [she] should be involved in and not involved in."[4] (Doc. No. 41-3 at 193:5–25, 210:10–19).

That Patterson relies on the timing of her firing as evidence of discrimination and retaliation is not problematic, considering the other evidence in the record she has pointed to *beyond* timing that establish pretext. See Bell v. Prefix, Inc., 321 F. App'x 423, 431 (6th Cir. 2009) ("suspicious timing is a strong indicator of pretext when accompanied by some other, independent evidence"); see supra, Section II.A. Spriggs's cited cases do not instruct that the Court should ignore such additional pretext evidence in Spriggs's favor. See Reams, 2023 WL 8716978, at *5 (upholding summary judgment in employer's favor where the only argument plaintiff offered for pretext was the timing of her firing); Seeger v. Cincinnati Bell Tel. Co., LLC, 681 F.3d 274, 285 (6th Cir. 2012) (citing the general proposition that timing alone cannot show pretext). Indeed, the parties accusing one another of "cherry-picking" Patterson's deposition testimony for their own respective benefits demonstrates why Spriggs's third argument cannot control, and why such issues should be determined by the jury at trial.

### C. The Court Properly Denied Summary Judgment on Patterson's Failure-to-Accommodate Claims

On the fourth argument, Spriggs contends that Patterson's failure-to-accommodate claims are precluded for two reasons. First, Spriggs argues that Patterson "admitt[ing] that she never required any workplace accommodation prior to April 13, 2023" and never told Spriggs about her disabilities is fatal as a matter of law. Spriggs's argument on the timing of Patterson's request for

---

[4] This is not the only misrepresentation of the record Spriggs makes. Indeed, while it emphasizes Patterson's testimony that she "couldn't even take a wild guess" on why she was fired, she clarified later that such statement related to her job performance. (See Doc. No. 41-3 at 210:5–9).

accommodation is nonsensical. Because April 13, 2023 is the date Patterson alleges she made the workplace accommodation request that was improperly rejected, her workplace requests, or lack thereof, prior to that date are irrelevant. Further, Spriggs's point about whether it knew of Patterson's disabilities is no more persuasive. Not only is this argument waived, as it did not raise this issue in its opening briefing, but it is factually incorrect when viewing Patterson's request for accommodation in the light most favorable to her. (See Doc. No. 36 at 21–22 (arguing *only* that Patterson did not have a disability, was not qualified to do her job, and did not receive an accommodation denial); Doc. No. 41-14 at 3 (Patterson informing Russel that she needed to take PTO for "high blood pressure")); Huntington Nat'l Bank, 574 F.3d at 331–32 (arguments raised for the first time on a Rule 54(b) motion are waived).

Second, Spriggs argues—for the first time—that the date of Patterson's termination does not matter, because Spriggs had a good faith belief to terminate Patterson dictates that her claims fail as a matter of law. Not only is this argument also waived, but it overlooks that a jury could nevertheless find Spriggs's legitimate, nondiscriminatory reason for firing Patterson to be pretextual. To the extent Spriggs repeats its other pretext arguments here, the Court need not address them again to come to the same conclusion: there is no basis to grant Spriggs's Motion on this issue, or otherwise.

III.     **CONCLUSION**

Despite Spriggs's frustration, it "has no right to reconsideration" under Rule 54(b). Rodriguez, 89 F. App'x at 959 n.7. Nevertheless, to ensure fairness and provide clarity going forward, the Court fully considered and rejects Spriggs's repackaged arguments. Spriggs's Motion for Reconsideration (Doc. No. 50) is **DENIED**. The Court urges the parties to use both this Memorandum Opinion and Order and the Court's July 18, 2025 Memorandum Opinion (Doc. No. 46) to focus their efforts as trial quickly approaches.

11

IT IS SO ORDERED.

_____

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE