UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MORGAN PATTERSON,<br><br>  Plaintiff,<br><br>v.<br><br>SPRIGGS CONSTRUCTION LLC,<br><br>  Defendant. | Case No. 2:24-cv-00002<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

This employment discrimination action arises out of Plaintiff Morgan Patterson's employment with Defendant Spriggs Construction, LLC. (Doc. No. 1.) This case is set for a jury trial on September 23, 2025. (Doc. Nos. 17, 33, 47.) Before the Court is Spriggs's motion under Federal Rule of Civil Procedure 45 for leave to issue trial subpoenas to certain financial institutions that are not parties to this action. (Doc. No. 55.) Patterson opposes Spriggs's motion (Doc. No. 58), and Spriggs has filed a reply (Doc. No. 60).

For the reasons that follow, Spriggs's motion for leave to issue trial subpoenas will be denied.

## I.  Relevant Background

Patterson alleges that, on April 13, 2023, she requested time off from work for a medically diagnosed pregnancy-related disability and that Spriggs terminated her employment the following day. (Doc. No. 1.) Patterson initiated this action on January 8, 2024, by filing a complaint against Spriggs asserting claims of discrimination, retaliation, and failure-to-accommodate under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the Tennessee Human Rights Act, Tenn. Code Ann. §§ 4-21-101 et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et

seq., the Tennessee Disability Act, Tenn. Code Ann. §§ 8-50-103 et seq., and the Tennessee Pregnant Workers Fairness Act, Tenn. Code Ann. §§ 50-10-101 et seq. (*Id.*) Patterson seeks relief including, among other things, back pay, front pay, and compensatory and punitive damages. (*Id.*)

The District Judge referred this action to the Magistrate Judge for customized case management under 28 U.S.C. § 636(b)(1)(A). (Doc. No. 7.) The parties submitted a proposed case management order (Doc. No. 15) as directed by the Court and attended an initial case management conference with the Magistrate Judge. The Court issued an initial case management order adopting the parties' proposed case management schedule and setting deadlines of June 7, 2024, to serve written discovery; November 22, 2024, to file motions related to fact discovery; December 20, 2024, to complete all written discovery and depose all fact witnesses; and April 10, 2025, to file dispositive motions. (Doc. No. 16.) At the parties' request, the Court extended the deadlines for completing written discovery and filing discovery-related motions to May 2, 2025, and May 9, 2025, respectively. (Doc. Nos. 29, 30.)

The Court set this matter for a jury trial on September 23, 2025. (Doc. No. 17.) Spriggs filed an unopposed motion to extend the dispositive motion deadline and continue the trial date. (Doc. No. 32.) The Court granted in part and denied in part Spriggs's motion, extending the dispositive motion deadline to May 27, 2025, but declining to move the trial date. (Doc. No. 33.)

Spriggs filed a motion for summary judgment on the dispositive motion deadline (Doc. No. 35), Patterson responded in opposition (Doc. No. 38), and Spriggs filed a reply (Doc. No. 44). The Court denied Spriggs's motion for summary judgment on July 18, 2025. (Doc. Nos. 46, 47.) Spriggs filed a motion for reconsideration (Doc. No. 50), which the Court also denied (Doc. No. 59).

On August 20, 2025, Spriggs filed a motion for leave to issue trial subpoenas under Rule 45. (Doc. No. 55.) Spriggs asks for leave to subpoena all "financial institutions at which . . . Patterson has maintained accounts since . . . April 14, 2023[,]" (Doc. No. 56, PageID# 842) to produce monthly account statements, deposit records, and account opening documents "for any accounts in the name of Morgan Patterson, individually or jointly with another person" "[f]or the period from April 14, 2023, to the present" (Doc. No. 55-1, PageID# 841). Spriggs states that it asked Patterson for similar information during fact discovery, but Patterson objected to Spriggs's requests. (Doc. No. 56.) Spriggs states that it deposed Patterson's father Ken Rector on April 24, 2025, and deposed Patterson five days later. (Doc. Nos. 56, 60.) According to Spriggs, Patterson testified that she has earned no income since Spriggs terminated her employment, has had no self-employment business, and her only sources of income have been her husband's wages and gifts from Rector. (Doc. No. 56 (citing Doc. No. 37-1).) Spriggs argues that Rector gave conflicting testimony because Rector testified that Patterson helped Rector's company with billing work for about a year after she left Spriggs and that Rector gifted Patterson around $10,000.00 for her help. (Doc. No. 56 (citing Doc. No. 37-2).) Spriggs also argues that a December 2023 social media post on Patterson's Facebook page stating that Patterson had opened an online clothing boutique undermines Patterson's testimony that she had no self-employment business since leaving Spriggs. (*Id.* (citing Doc. No. 56-3).) And Spriggs argues that Patterson's "Facebook home page states that she [has] '[w]ork[ed] at Tanned to Tenn" from "May 10, 2024—Present'." (*Id.* at PageID# 850 (quoting Doc. No. 56-4).) Spriggs argues that "[t]he only way to reconcile these inconsistencies and fairly assess [Patterson's] alleged damages is to subpoena her bank records." (*Id.* at PageID# 842.) Spriggs states that it "intends to use the requested financial records for cross-examination and impeachment purposes at trial." (*Id.* at PageID# 843.)

3

Patterson opposes Spriggs's motion for leave to issue trial subpoenas, arguing that the motion is untimely and improper and that the proposed subpoenas are overly broad. (Doc. No. 58.) Spriggs filed a reply in support of its motion, arguing that "Rule 45 authorizes trial subpoenas to be issued after discovery ends for impeachment purposes" and that the proposed subpoenas "seek limited bank records for the sole purpose of testing specific contradictory testimony through cross-examination." (Doc. No. 60, PageID# 883, 885.)

## II. Legal Standard

The Federal Rules of Civil Procedure provide that parties may compel nonparties to testify or produce documents or tangible things by issuing subpoenas under Rule 45. *See* Fed. R. Civ. P. 34(c), 45. "A subpoena ad testificandum compels the attendance of a witness; a subpoena duces tecum calls for the production of documents and things." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2451 (3d ed. suppl. May 21, 2025). Both types of subpoenas "may be employed to require attendance and testimony at a hearing or trial, or to require cooperation in pretrial discovery proceedings." 9 James Wm. Moore et al., *Moore's Federal Practice* § 45.02[1] (2025).

Spriggs's proposed subpoenas are subpoenas duces tecum for the production of documents. (Doc. No. 55-1.) In general, "once the discovery deadline established by a scheduling order has passed, a party may not employ a subpoena to obtain materials from a third party that could have been procured during the discovery period." 9 James Wm. Moore et al., *Moore's Federal Practice* § 45.03[2]; *see also Joseph P. Carroll Ltd. v. Baker*, No. 09 Civ. 3174, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012) ("It is black letter law that parties may not issue subpoenas pursuant to Federal Rule of Civil Procedure 45 'as a means to engage in discovery after the discovery deadline has passed.'" (quoting *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 Civ. 8936, 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007))). "The requirement that Rule 45 subpoenas must be

issued before the discovery deadline is not absolute, however." *Dziadek v. Charter Oak Fire Ins. Co.*, Case No. 4:11-CV-04134, 2016 WL 1643825, at *2 (D.S.D. Apr. 22, 2016). "Rule 45 subpoenas may be employed in advance of trial and after the discovery deadline for the limited purposes of memory refreshment, trial preparation, and to secure, for the use at trial, original documents previously disclosed by discovery." 9 James Wm. Moore et al., *Moore's Federal Practice* § 45.03[2]; *see also Nikonov v. Flirt NY, Inc.*, 338 F.R.D. 444, 445 (S.D.N.Y. 2021) ("Trial subpoenas are appropriate in certain circumstances, such as securing an original document previously disclosed during discovery, or for purposes of memory recollection or trial preparation." (quoting *Revander v. Denman*, No. 00 Civ. 1810, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004))); *Dziadek*, 2016 WL 1643825, at *2 ("Rule 45 subpoenas may be employed in advance of trial and outside of a discovery deadline for the limited purposes of memory refreshment, trial preparation, or to secure for the use at trial original documents previously disclosed by discovery." (quoting *Circle Grp. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1352 (N.D. Ga. 2011))); *Malmberg v. United States*, No. 5:06-cv-1042, 2010 WL 1186573, at *3 (N.D.N.Y. Mar. 24, 2010) ("In certain circumstances, it is appropriate for parties to use trial subpoenas, such as for securing original documents previously disclosed during discovery or for purposes of memory recollection or trial preparation." (citing *Revander*, 2004 WL 97693, at *1)). Trial preparation may include subpoenaing "documents necessary to impeach a witness or prepare for cross-examination." *Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 75 (D.D.C. 2010); *see also Dziadek*, 2016 WL 1643825, at *2 ("Under certain circumstances, courts have allowed Rule 45 subpoenas issued after the discovery deadline when the subpoenas were narrowly tailored and sought documents only for purposes of cross-examination and

5

impeachment." (first citing *Joseph P. Carroll Ltd.*, 2012 WL 1232957, at *2–3; and then citing *Malmberg*, 2010 WL 1186573, at *3)).

"However, a Rule 45 subpoena may not be used to circumvent discovery rules or to make an untimely request for documents or tangible things that should have been requested during the discovery period." 9 James Wm. Moore et al., *Moore's Federal Practice* § 45.02[4]; *see also Dear v. Q Club Hotel, LLC*, CASE NO. 15-60474-CIV, 2017 WL 5665357, at *2 (S.D. Fla. May 18, 2017) ("Rule 45 subpoenas . . . may not be used to circumvent the Court's discovery deadline." (citing *Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okla. 1995)). "When a party serves a Rule 45 subpoena duces tecum for trial seeking discovery that should have been secured during the discovery period, the subpoena is properly quashed." *Dear*, 2017 WL 5665357, at *2 (first citing *Rice*, 164 F.R.D. at 558; and then citing *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 354–55 (6th Cir. 1984)); *see also Malmberg*, 2010 WL 1186573, at *3 ("'[W]hen a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied.'" (second alteration in original) (quoting *Revander*, 2004 WL 97693, at *1)).

### III. Analysis

Because the discovery deadline set by the Court's scheduling order in this action has passed and trial is quickly approaching, the Court must determine whether Spriggs's proposed subpoenas to Patterson's financial institutions are properly characterized as trial subpoenas. In other words, the Court must determine whether the proposed subpoenas are for the limited purposes of memory refreshment, trial preparation, or to secure original documents previously disclosed by discovery for use at trial. *See* 9 James Wm. Moore et al., *Moore's Federal Practice* § 45.03; *Nikonov*, 338 F.R.D. at 445; *Dziadek*, 2016 WL 1643825, at *2; *Malmberg*, 2010 WL 1186573, at *3.

Spriggs argues that the proposed subpoenas are "proper trial subpoenas" because their purpose is trial preparation. (Doc. No. 56, PageID# 847.) Specifically, Spriggs argues that it seeks the requested financial records "solely for their intended trial use: cross-examination and impeachment of [Patterson's] contradictory sworn testimony about her income and business activities[.]" (*Id.*) Spriggs relies on *Dziadek*, *Joseph P. Carroll Ltd.*, and *Malmberg*, among other cases, for the proposition that "[f]ederal courts recognize that Rule 45 trial subpoenas may be issued after discovery deadlines when they are 'narrowly tailored and [seek] documents only for purposes of cross-examination and impeachment.'" (*Id.* at PageID# 845 (quoting *Dziadek*, 2016 WL 1643825, at *2).) But, in *Dziadek*, the court discussed *Carroll* and *Malmberg* and found that these cases "do not stand for the proposition that parties may always issue subpoenas outside the discovery deadline as long they assert that the requested documents will be used for impeachment." 2016 WL 1643825, at *3. Rather, federal courts recognize that, "[w]hen the party issuing the belated subpoena could have obtained the requested documents during discovery, courts will quash the subpoena as untimely notwithstanding the party's contention that the documents are for impeachment." *Id.* (collecting authority).

Here, Spriggs concedes that it requested many of the same records from Patterson during discovery. Spriggs states that, on March 14, 2025, it served its second set of interrogatories and second requests for production of documents on Patterson. (Doc. No. 55.) Interrogatory twenty-four asked Patterson to

> Please identify all banks, credit unions, or other financial institutions where [Patterson] has maintained any checking, savings, or other accounts into which funds from any source (including but not limited to wages, self-employment income, gifts, or other payments) were deposited, from January 2023 to the present. For each institution identified, state the type of account (e.g., checking, savings) and the approximate dates the account was active during this period.

7

(Doc. No. 56-1, PageID# 853.) Request for production of documents number thirty-six asked Patterson to

> Please produce all monthly account statements, transaction summaries, or equivalent records from all banks, credit unions, or other financial institutions identified in response to Interrogatory No. 24, reflecting deposits, withdrawals, or transfers of funds, for the period of January 2023 to the present. Such documents shall be designated as confidential under the parties' agreed protective order. To the extent no formal monthly statements exist for an account, produce any available records (e.g., online transaction histories, deposit receipts) showing funds received or disbursed during this period.

(Doc. No. 56-2, PageID# 855.)

Patterson responded to Spriggs's second set of interrogatories and second set of requests for production on April 7, 2025, and stated the same objection to interrogatory twenty-four and request for production thirty-six:

> Objection. This request is overly broad, unduly burdensome, and seeks information not relevant to the claims and defenses in this matter. The types of bank accounts and dates of use by [Patterson] have no relevance to her allegations of employment discrimination. Further, this request is not sufficiently tailored to the proportionate needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This request also invades [Patterson]'s privacy rights.

(Doc. No. 56-1, PageID# 853 (second alteration in original); Doc. No. 56-2, PageID# 855 (second alteration in original).)

Spriggs argues in its motion that Patterson's "blanket objections to [its] discovery requests were improper" and "prevented [Spriggs] from obtaining this relevant information through proper discovery channels." (Doc. No. 56, PageID# 842–43, 844.) Spriggs states that, in response to discovery requests about her finances, Patterson "produced no documents other than joint tax returns reflecting her income[.]" (*Id.* at PageID# 842.) But if Spriggs was "not satisfied with the financial records previously produced by [Patterson] during discovery, [its] remedy was to move (timely) to compel production . . . ." *Dear*, 2017 WL 5665357, at *2. There is no indication in the

record that Spriggs's counsel ever met and conferred with Patterson's counsel about the sufficiency of Patterson's responses to interrogatory twenty-four and request for production thirty-six. The parties did not move for a discovery dispute telephone conference with the Magistrate Judge as the Court requires before a party files a fact-discovery related motion (Doc. No. 16), and Spriggs did not file a motion to compel responses to these discovery requests under Rule 37.

Spriggs's argument that "the scheduling order created a compressed timeline that made Rule 37 relief impracticable" is not persuasive. (Doc. No. 56, PageID# 845.) The scheduling order adopted the timeline that Spriggs and Patterson proposed. (Doc. Nos. 15, 16.) And the Court granted the parties' request to extend the discovery deadline to May 2, 2025, and to extend the deadline for filing discovery-related motions to May 9, 2025. (Doc. Nos. 29, 30.) Spriggs's counsel received Patterson's objections to interrogatory twenty-four and request for production thirty-six more than a month before this deadline, giving Spriggs ample time to seek relief through proper discovery channels. If Spriggs needed more time to file a motion to compel production of these records, it could have moved for another extension. *See Rice*, 164 F.R.D. at 558 ("If Defendant believed the information to be of importance to its case, it could have attempted to show good cause for modifying the [discovery] deadlines."). Spriggs did not do so.

Under these circumstances, Spriggs may not circumvent the discovery deadline by seeking to obtain substantially the same financial records through Rule 45 trial subpoenas. *See id.* (finding that "[t]he information sought by Defendant through the Rule 45 subpoenas duces tecum should have been obtained during discovery" and "Defendant was not free . . . to issue subpoenas duces tecum after the discovery deadline"); *Dziadek*, 2016 WL 1643825, at *3, *6 (quashing post-discovery Rule 45 subpoena duces tecum where party "could have obtained [the requested] records during discovery"); *Dear*, 2017 WL 5665357, at *2 (quashing post-discovery Rule 45 subpoena

duces tecum for financial records previously requested during discovery); *Ghandi*, 747 F.2d at 354–55 (affirming district court's decision to quash trial subpoena duces tecum where parties "were given ample opportunity to complete discovery before trial").

Further, contrary to Spriggs's assertion, the proposed subpoenas are not narrow in scope. Spriggs seeks more than two years of monthly account statements, deposit records, and account opening documents for an undetermined number of accounts at an undetermined number of financial institutions. (Doc. No. 55-1.) Spriggs's assertion that "the narrow scope of the[se] requests will not delay trial[,]" which begins in less than one month, "or create additional discovery burdens" (Doc. No. 56, PageID# 846) is unsupported and, frankly, implausible.

## IV. Conclusion

For these reasons, Spriggs's motion for leave to issue trial subpoenas (Doc. No. 55) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge