UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MORGAN PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>SPRIGGS CONSTRUCTION LLC,<br><br>Defendant. | Case No. 2:24-cv-00002<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

To: The Honorable Waverly D. Crenshaw, Jr., District Judge

**REPORT AND RECOMMENDATION**

Plaintiff sued defendant when it terminated her after she requested reasonable accommodations for a pregnancy-related disability. The parties reached a settlement on the eve of trial, and the District Judge administratively closed the file on September 19, 2025, pending finalization of a settlement agreement. (Doc. No. 98.) The administrative closing was "subject to reopening by any party at any time." (*Id.* at 1.) Plaintiff now has not asked to reopen the case but has filed a motion to enforce the terms of the parties' settlement agreement. (Doc. No. 100.)

Defendant did not file a response to plaintiff's motion. Given the absence of a response from defendant and the undisputed exhibits attached to the declaration of plaintiff's counsel (Doc. No. 100-1), a hearing on the motion is not necessary. *See* Fed. R. Civ. P. 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions."); *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 561 (8th Cir. 2008) (affirming district court's decision to enforce settlement agreement without evidentiary hearing, where "there was no substantial factual dispute over the settlement agreement").

Plaintiff's motion was referred (Doc. No. 101) to this Court for a recommendation. *See also, e.g., Fields v. AT&T Umbrella Benefit Plan No. 1*, No. 18-13259, 2020 WL 8970351, at *1 (E.D. Mich. July 31, 2020) (motion to enforce a settlement agreement is dispositive); *Page v. Unimerica Ins. Co.*, No. 3:12-CV-103, 2014 WL 202089, at *1 (S.D. Ohio Jan. 17, 2014) (same), *report and recommendation adopted*, No. 3:12-CV-103, 2014 WL 1235102 (S.D. Ohio Mar. 25, 2014). For the reasons below, the Court respectfully recommends granting plaintiff's motion.

## I. Background

The parties entered a settlement agreement on or around September 26, 2025, a few days after the administrative closing. (Doc. No. 100-2 at 1–7.) Among other terms, the settlement agreement set forth a schedule of payments that defendant would make to plaintiff and to her counsel. (*Id.* at 1–2.) Defendant had to deliver each payment by the respective deadline. Failure to deliver a payment by its scheduled deadline would cause the full remaining balance of the settlement amount to become due immediately. (*Id.* at 2.) A late payment also would prompt a liquidated damages penalty of $10,000 plus any reasonable costs and fees associated with enforcement of the settlement agreement. (*Id.* at 2, 5.) Upon full payment from defendant, plaintiff would file a Rule 41(a) stipulation to dismiss the case with prejudice. (*Id.* at 3.)

Defendant made all payments required under the settlement agreement, but the last one—requiring a check in the amount of $24,125.22 payable to plaintiff and a check in the amount of $20,874.78 payable to plaintiff's counsel—was late. Defendant had to deliver the last payment on or before June 1, 2026. (*Id.* at 2.) The checks were dated May 29, 2026 (Doc. No. 100-6) but were not delivered until June 15, 2026 (Doc. No. 100-3 at 1). Defendant did not include a separate payment for liquidated damages and has not explained why.

## II. Discussion

As a preliminary matter, the Court clarifies that it has jurisdiction to review the motion to enforce the settlement agreement. Enforcement of a settlement agreement, "whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (District Court lacked jurisdiction to enforce a settlement agreement, where case was dismissed under Rule 41(a) and settlement agreement did not reserve jurisdiction). A court can retain jurisdiction to enforce a settlement agreement in several ways. One way is to state explicitly in an order that the court retains jurisdiction over the case until the settlement agreement is fulfilled. *See, e.g., VanDiver v. Madery*, No. 221CV11771, 2023 WL 319934, at *1 (E.D. Mich. Jan. 19, 2023) (noting that "the Court entered an order dismissing and closing the case but retaining jurisdiction to enforce the terms of the settlement"). Another way is to set forth the parameters of enforcement jurisdiction in the settlement agreement and then to incorporate the terms of the settlement agreement into a dismissal order. *See, e.g., Pedreira v. Sunrise Children's Servs., Inc.*, 79 F.4th 741, 753 (6th Cir. 2023) (affirming refusal to review settlement agreement, where District Court "did not enter the [settlement agreement], incorporate it into its judgment, or retain jurisdiction to enforce it") (citations omitted). Yet another way is not to dismiss the case at all but to enter an administrative closeout order "such that the Court maintains its original jurisdiction over the action and the parties may reinitiate proceedings by simply asking the Court to reopen the matter." *HG Energy II Appalachia, LLC v. CNX Gas Co. LLC*, No. CV 20-1698, 2023 WL 4205775, at *2 (W.D. Pa. June 27, 2023); *see also, e.g., Jones v. Elite Emergency Servs., LLC*, No. 3:12-CV-00203, 2016 WL 836630, at *8 (M.D. Tenn. Mar. 2, 2016) (retaining jurisdiction through administrative closing). "This practice is not only permissible but also laudable." *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 248 (3d Cir. 2013). This latter option is

what the District Judge chose here, closing the case administratively only and allowing the parties to reopen it at any time. The administrative closing sufficed to preserve the original jurisdiction over the case, and the Court may proceed to evaluate the motion to enforce the settlement agreement.

"Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001) (citation omitted). "Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law. The elements of a valid contract are offer and acceptance, full and complete terms, and consideration." *Hall v. City of Williamsburg*, 768 F. App'x 366, 378 (6th Cir. 2019) (unpublished opinion) (internal quotation marks and citations omitted). Where the parties do not dispute that they entered a settlement agreement and do not dispute what the terms of that agreement were, summary enforcement of a settlement agreement promotes "the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (citations omitted). This case fulfills all of the criteria for summary enforcement. The parties entered a detailed settlement agreement setting forth what payments defendant had to make in exchange for an end to plaintiff's claims. No party has disputed the terms of the settlement agreement or how they operated, including that the settlement agreement had a definite endpoint. *Cf. Chang v. Outer Range, Inc.*, No. 24-CV-00397-RMR-CYC, 2026 WL 2138230, at *1 (D. Colo. May 29, 2026) (report and recommendation) (recommending denial of motion for administrative closure "in case the respondents default," where parties effectively "request that the Court indefinitely retain jurisdiction to enforce the settlement agreement"). Additionally, no party has disputed that the last payment that defendant owed under the settlement agreement was delivered late, opening the door to liquidated damages and costs.

The most that defendant ever said about the delay or about liquidated damages appears to be a reference to an unspecified liquidation of assets that would raise money for the final payment. (Doc. No. 100-3 at 3.) Under these circumstances, the only uncertainty left is what reasonable enforcement costs and fees plaintiff wants to submit for the Court's consideration. Upon submission of reasonable costs and fees, this case will be ready for a final judgment in the amount of those costs and fees plus the liquidated damages award. The final judgment need not include any further retention of jurisdiction; the final judgment would be a money judgment that can be enforced under Rule 69 if necessary.

## III. Recommendation

For all the foregoing reasons, the Court respectfully recommends granting plaintiff's motion to enforce the settlement agreement (Doc. No. 100). The Court recommends further that plaintiff be required to file a statement of reasonable enforcement costs and fees within 14 days after the date of entry of an order adopting this report and recommendation. Upon submission of reasonable costs and fees, the Court also recommends entry of final judgment in the amount of $10,000 for liquidated damages plus the amount of reasonable costs and fees.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 19th day of August, 2026.

LUKE A. EVANS
United States Magistrate Judge